SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**Jose F. Gutierrez,**
Petitioner
-vs-
**Martin McDaniel, et al.,**
Respondent(s)

CV-06-0085-PHX-SRB (JI)

**REPORT & RECOMMENDATION**
**On Petition for Writ of Habeas Corpus**
**Pursuant to 28 U.S.C. § 2254**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated pursuant to an Arizona state court sentence in the Reeves County Detention Center, in Pecos, Texas, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 9, 2006 (#1)   On June 22, 2006, Respondents filed their Answer (#18).   Petitioner has not filed a Reply.

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. PROCEEDINGS AT TRIAL

On August 3, 2000, Petitioner was indicted in the Maricopa County Superior Court on one count of manslaughter, arising out of an automobile collision.  (Exhibit A, Indictment; Exhibit P, Response to PCR Petition.)  (Exhibits to the Answer, #18, are referenced herein as "Exhibit ___.")   Petitioner entered into a written Plea Agreement (Exhibit C), wherein he agreed to plead guilty to the sole count of the indictment, with an agreed upon sentencing range

1  of 7 to 12 years.  Petitioner entered plea of guilty on December 1, 2000.  (Exhibit D, M.E.

2  12/1/00.)  On January 2, 2001, he was sentenced to an aggravated term of 12 years in prison.

3  (Exhibit E, Sentence.)

4

5  **B.  PROCEEDINGS ON DIRECT APPEAL**

6       On January 2, 22001, Petitioner filed a Notice of Appeal (Exhibit F), appealing the

7  sentence imposed.  The Arizona Court of Appeals summarily dismissed the appeal on January

8  19, 2001 (Exhibit G), finding that Petitioner's guilty plea deprived them of jurisdiction, and

9  advising Petitioner that his proper avenue for review was a petition for post-conviction relief.

10

11  **C.  PROCEEDINGS ON POST-CONVICTION RELIEF**

12       **Motion to Extend** - On June 14, 2001, Petitioner filed with the trial court a Motion

13  for Extension to File Rule 32 Post-Conviction Relief (Exhibit H).  That motion was denied on

14  July 16, 2001 (Exhibit I).

15       **First PCR Petition** - On August 17, 2001, Petitioner filed with the trial court a

16  Motion for Delayed Post-Conviction Relief (Exhibit J).  The trial court construed this as a

17  notice of post-conviction relief and request for appointment of counsel, and on August 29,

18  2001, appointed counsel to represent Petitioner.   (Exhibit K, M.E. 8/29/01.)

19       On January 2, 2002, appointed counsel filed his "Notice of Completion of Post-

20  Conviction Review" (Exhibit L), asserting that counsel had been unable to find any claims for

21  relief, and requesting an extension of time to allow Petitioner to file a pro per PCR petition.

22  That motion to extend was granted.  (Exhibit M, M.E. 1/8/02.)

23       On February 25, 2002, Petitioner's counsel filed a "Petition for Post-Conviction Relief

24  *in Propria Persona*" (Exhibit N), attaching a letter by Petitioner, handwritten in Spanish, along

25  with a translation.  On that same day, Petitioner filed a separate Petition for Post-Conviction

26  Relief form (Exhibit O).  The State responded (Exhibit P), asserting both the untimeliness of

27  the Petition, and its lack of merit.  On May 24, 2002, the trial court filed its Minute Entry

28  denying the PCR petition "[f]or the reasons set forth in the State's Response."  (Exhibit Q.)

**Motion for Discovery** - On January 7, 2003, Petitioner filed with the trial court a "Motion to Order the State [to Release] Discovery Material" (Exhibit R), seeking copies of the victim's autopsy.  There being no response, he filed a "Second Request to Obtain Autopsy Report" on March 12, 2003 (Exhibit S).  It is not apparent from the record herein whether these were ever ruled on.

**Second PCR Petition** - On February 2, 2005, Petitioner filed with the trial court a Notice of Post-Conviction Relief (Exhibit T).  On February 18, 2005, that notice was summarily dismissed as untimely.  (Exhibit U, M.E. 2/18/05.)

## D.  PRESENT FEDERAL HABEAS PROCEEDINGS

Petitioner instituted the present federal habeas proceedings by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 9, 2006 (#1).  Service and an answer was ordered, and Petitioner was advised that he could "file a reply within thirty (30) days from the date of service of the answer."  (Order 1/18/06, #3.)

On February 27, 2006, Petitioner filed a Motion to Correct Petition (#10), seeking to name that State of Arizona as a party.  That motion was denied without prejudice for failure to provide a proposed form of amended petition, with the notation that "the proper respondent in a habeas corpus case is the state officer having custody of petitioner, typically the warden of the prison where petitioner is incarcerated."   (Order 3/29/06, #12 at 1 (citing *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).)  Petitioner did not again move to amend.

On June 22, 2006, Respondents filed their Answer (#18), arguing that the Petition is untimely, and that Petitioner's claims are procedurally defaulted.

Petitioner has not filed a Reply.

/ /

/ /

/ /

/ /

### III. APPLICATION OF LAW TO FACTS

#### A.  STATUTE OF LIMITATIONS

#### 1.   One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.   28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed.  28 U.S.C. § 2244(d)(1).

#### 2.  Commencement of Limitations Period

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

**Direct Review** - As noted above, the statute only runs upon the conclusion of direct review, not upon sentencing.  In Arizona, however, a pleading petitioner's conviction becomes final at sentencing, because he has waived his right to direct appeal.  In some jurisdictions, the proposition might be suspect in light of the ability of a defendant to challenge the voluntariness of an appeal, despite  a waiver of the right to appeal.  In Arizona, however, the denial of the right to appeal following a guilty plea is absolute and statutorily mandated.

> B. In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.

Ariz. Rev. Stat. § 13-4033 (2001).  *See also* Ariz.R.Crim.P. 17.1(e) (waiver of appeal by guilty plea).  Thus, by virtue of his guilty plea, Petitioner had no right of direct appeal, but was relegated to seeking review by way of post-conviction relief, even of a claim that the plea was involuntary.  *See State v. Jimenez*, 188 Ariz. 342, 344, 935 P.2d 920, 922 (App. 1996).

**Writ of Certiorari** - Likewise, although direct review is normally not deemed complete until the time for a writ of certiorari to the U.S. Supreme Court has expired,

1    Petitioner is not entitled to this additional delay.  It is well established in the Ninth Circuit that

2    "direct review" includes the period within which a petitioner can file a petition for a writ of

3    certiorari from the United States Supreme Court, whether or not the petitioner actually files

4    such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir.1999).  However, certiorari

5    review with the U.S. Supreme Court may only be sought following a decision or denial of

6    discretionary review by the state court of last resort, i.e. the Arizona Supreme Court. *Flynt vs.*

7    *Ohio,* 451 U.S. 619 (1981).   Accordingly, the time for seeking a writ of certiorari with the

8    U.S. Supreme Court cannot be considered in determining when Petitioner's judgment became

9    final when review by the state court of last resort was not sought.  *Eisermann vs. Penarosa*,

10   33 F. Supp. 2d 1269 (D. Hawaii 1999).  *See* 28 U.S.C. § 1257 (certiorari jurisdiction limited

11   to highest available state court); Sup. Ct. Rule 13 (timeliness from decision of highest state

12   court).  *See also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) ("If a criminal

13   defendant has pursued his direct appeal through the highest state court, then this period

14   includes the 90 days for filing a petition for certiorari to the Supreme Court. If not, then it

15   includes the time for seeking further state-court direct review.").

16          Accordingly, Petitioner having had no right to direct appeal, and no right to seek

17   certiorari, his conviction became final upon sentencing on January 2, 2001.  His one year

18   would have commenced running on January 3, 2001, and would have expired one year later, on

19   January 2, 2002.

20          **Filing Date And the Prisoner Mailbox Rule** - Here Petitioner's Petition (#1) was

21   not filed until January 9, 2006.  However, for purposes of calculating time under § 2244(d),

22   the federal prisoner "mailbox rule" applies.  Under this rule, a prisoner's filings are deemed

23   "filed" when they are delivered to prison officials for mailing.  *Anthony v. Cambra*, 236 F.3d

24   568 (9th Cir. 2000).  Pre-requisites to application of the mailbox rule include: (1) that the

25   petitioner is not represented by counsel; and (2) the petition is delivered to prison officials for

26   forwarding to the courts within the limitations period.  *Stillman v. LaMarque*, 319 F.3d 1199

27   (9th Cir.  2003).

28          Petitioner, who is appearing *pro se*, plainly meets the first criteria in this proceeding.

It is not clear, however, whether he delivered his petition to prison officials for mailing, or when that may have occurred.  His Petition reflects an execution date of December 15, 2005 (#1 at 9).  Because it does not alter the outcome, the Court presumes Petitioner is entitled to application of the "mailbox rule," and will treat December 15, 2005 as the filing date of his Petition.

Even with application of the "mailbox rule," Petitioner's habeas petition was filed well beyond the expiration of the one year and would ordinarily be barred.

**3.  Statutory Tolling**

Despite the expiration of the one calendar year from commencement of Petitioner's limitations period, the AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  This statutory tolling applies during the entire time during which the application is pending, including interludes between various stages of appeal on the application.  The "AEDPA statute of limitations [is] tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)).

**Tolling from Motion to Extend** - On June 14, 2001, Petitioner filed with the trial court a Motion for Extension to File Rule 32 Post-Conviction Relief (Exhibit H).  That motion was denied on July 16, 2001 (Exhibit I).  Respondents argue that this motion did not constitute a "properly filed application" for post-conviction relief, and thus did not result in any tolling. Because it does not affect the outcome, the undersigned presumes for purposes of this Report & Recommendation that this filing did effect a tolling of the statute during its pendency, *i.e.* from June 14, 2001 until July 16, 2001.

Based upon this presumption, Petitioner's one year would have been tolled for 32 days, and therefore would have expired on February 4, 2002, rather than on January 2, 2002.  Thus,

1   Petitioner's habeas petition would still have been untimely.

2   **Tolling from First PCR Petition** - On August 17, 2001, Petitioner filed with the trial

3   court a Motion for Delayed Post-Conviction Relief (Exhibit J).   Ultimately, on February 25,

4   2002, Petitioner's counsel filed a "Petition for Post-Conviction Relief *in Propria Persona*"

5   (Exhibit N), which remained pending until May 24, 2002, when the trial court denied it"[f]or

6   the reasons set forth in the State's Response" (Exhibit Q), which included its untimeliness

7   (Exhibit P, Response).

8   Respondents suggest  that if a petition was dismissed as untimely, it was not "properly

9   filed." (Answer, #18 at 5.)    Indeed, the U.S. Supreme Court recently held as much in *Pace*

10  *v. DiGuglielmo,* 544 U.S. 408, 414 (2005).   And, one of the reasons for the denial of the PCR

11  Petition, as adopted from the answer by the trial court, was its untimeliness.   Consequently,

12  Petitioner is not entitled to any tolling for the pendency of this untimely PCR Petition.

13  Even if this PCR Petition were somehow deemed to be "properly filed", so as to

14  provide tolling, it would not render the present petition timely.   As discussed above, the

15  undersigned is presuming that the Petitioner's one year was tolled from June 14, 2001 until

16  July 16, 2001, and therefore expired February 4, 2002.  If Petitioner is granted tolling from

17  August 17, 2001 until May 24, 2002, a total of 280 days, then his one year would have expired

18  on November 12, 2002 (the day after the Veterans Day holiday on November 11th), rather than

19  February 4, 2002.   In such event, Petitioner's Petition, deemed filed December 15, 2005,

20  would have still been over 36 months delinquent.

21  **Tolling from Motion for Discovery and Second PCR** - On January 7, 2003,

22  Petitioner filed with the trial court a "Motion to Order the State [to Release] Discovery

23  Material" (Exhibit R) and a "Second Request to Obtain Autopsy Report" on March 12, 2003

24  (Exhibit S).  On February 2, 2005, Petitioner filed with the trial court a Notice of Post-

25  Conviction Relief (Exhibit T), which was summarily dismissed on February 18, 2005 (Exhibit

26  U, M.E. 2/18/05).  Because, even with all possible tolling given in Petitioner's favor, his one

27  year would have expired on November 12, 2002, each of these filings occurred after the one

28  year had already expired.

Once the statute of limitations has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, despite these state filings, Petitioner's one year expired no later than November 12, 2002, and his December 15, 2005 habeas petition is untimely.

**4. Equitable Tolling**

Respondents argue that Petitioner cannot show any basis for equitable tolling to excuse his tardiness in filing this habeas petition.   In *U.S. v. Battles*, 362 F.3d 1195 (9th Cir. 2004), the Ninth Circuit held the statute of limitations under 28 U.S.C. § 2255 may be equitably tolled.   To be entitled to such tolling, Movant must "demonstrate that 'extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness.'" *Id.* at 1197 (quoting *Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003)). When equitable tolling applies, its effect is to suspend the running of the statute of limitations.  *Benge v. U.S.*, 17 F.3d 1286, 1289 (10th Cir. 1994). The application of equitable tolling does not mean that the limitations period begins over again.  *Id.*

Despite being given the opportunity to file a reply, Petitioner has not done so, and has offered no basis for this court to apply the principles of equitable tolling.  Accordingly, the undersigned finds that Petitioner is not entitled to any equitable tolling, and his Petition is therefore untimely and must be dismissed with prejudice.

**B. PROCEDURAL DEFAULT**

Respondents argue that Petitioner's claims are all procedurally defaulted because he failed to exhaust his state remedies on those claims by presenting them to the Arizona Court of Appeals, and he would now be procedurally barred from doing so.  However, the undersigned concludes that the Petition is plainly barred under the applicable statute of limitations. Moreover, the application of procedural default rules always necessarily entails the application

of various state laws, bringing inherent uncertainty in the application of those laws. Accordingly, the undersigned does not reach the Respondents' procedural default argument.


## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed January 9, 2006 (#1) be **DISMISSED WITH PREJUDICE**.


## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: September 15, 2006

_____
JAY R. IRWIN
United States Magistrate Judge